**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4052

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAMONE BERRY,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Chief District Judge. (CR-03-134-MU)

Submitted: November 21, 2005     Decided: December 19, 2005

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Randolph M. Lee, Charlotte, North Carolina, for Appellant. Karen S. Marston, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ramone Berry appeals his conviction and 120-month sentence imposed following his guilty plea to conspiracy to possess with intent to distribute cocaine and cocaine base. For the reasons discussed below, we affirm.

Berry's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but suggesting the district court erred in subjecting Berry to an enhanced sentence based on his prior felony drug conviction, in light of United States v. Booker, 125 S. Ct. 738 (2005). Although notified of his right to do so, Berry has not filed a pro se supplemental brief.

Before turning to the argument suggested by counsel, we note that our review of the record reveals that the district court may have failed to comply with the requirements of 21 U.S.C. § 851(b) (2000) in subjecting Berry to an enhanced sentence based on his prior felony drug conviction. Because Berry failed to challenge the § 851 enhancement on this ground in the district court, we review for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993).

In United States v. Ellis, 326 F.3d 593 (4th Cir.), cert. denied, 540 U.S. 907 (2003), the defendant challenged the district court's failure to conduct a § 851(b) colloquy. The government notified the defendant that it was seeking an enhanced sentence

based on prior convictions. Id. at 596. The presentence report also advised the defendant of the aggravating effect of the prior convictions. The defendant did not object to that portion of the presentence report and acknowledged the aggravating effect of the prior convictions at the sentencing hearing. Id. at 599. We concluded that the district court's failure to comply with the notification requirement of § 851(b) was plain error. Id. Nonetheless, we held that, because the defendant apparently was on notice of the enhancement and failed to object to it, the error did not affect his substantial rights. Id. (applying plain error analysis).

Similarly, in this case, Berry received § 851 notice that adequately notified him of the prior felony drug offense upon which the government sought to enhance his sentence. The prior felony drug offense was included in the presentence report in the discussion of Berry's criminal history, yet Berry made no objection to the validity of this conviction.* The presentence report also clearly explained the impact of the prior felony drug offense on Berry's sentence. Finally, the court made clear at sentencing that Berry faced a statutory mandatory minimum sentence and gave Berry an opportunity to speak before pronouncing sentence. Even so,

_____

*Although Berry initially argued that the conviction did not constitute a felony under North Carolina law, he later withdrew this objection after the Supreme Court of North Carolina issued a decision rejecting this precise argument. See State v. Jones, 598 S.E.2d 125, 127-33 (N.C. 2004).

- 3 -

Berry did not object to the use of his prior conviction to enhance his sentence. Because Berry "could not plausibly argue that he would have done anything different had the district court [complied with § 851(b)]," id. (internal quotation marks omitted), we find that the court's failure to comply with the § 851(b) requirements did not affect Berry's substantial rights.

In the Anders brief, counsel argues that the application of the § 851 enhancement in Berry's case may violate his Sixth Amendment rights under Booker. In Booker, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court, by a preponderance of the evidence, violated the Sixth Amendment. 125 S. Ct. at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2005) (requiring sentencing courts to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2005) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory. Id. at 756-57 (Breyer, J., opinion of the Court). Berry's sentence did not violate Booker because he was sentenced to the statutory minimum for his offense. As we recently made clear in United States v. Robinson, 404 F.3d 850, 862 (4th Cir.), cert. denied, 126 S. Ct. 288 (2005), "Booker did nothing to

- 4 -

alter the rule that judges cannot depart below a statutorily provided minimum sentence."

In accordance with the requirements of <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Berry's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>